van Gestel, J.
Now for the fifth time since August 2002, this Court is asked to address issues relating to the plaintiffs responses, or lack thereof, to discovery by the defendants. There is a theme that runs through each occasion, with which this Court, until now, has been patient; and now concludes that the theme’s merit, if it ever had any, is not sufficient to save the day for the plaintiff. That theme is that it is not the plaintiffs fault, but rather, it is the fault of the Court and the defendants for sending notices, motions and orders to the wrong attorney for the plaintiff.

BACKGROUND

On August 21, 2002, this Court issued a Memorandum and Order compelling certain discovery by the plaintiff and requiring the plaintiff to supplement certain other discovery. The Order part of the Memorandum and Order reads:
There being no objections filed in response to either motion (Papers #101 and #103), they each are ALLOWED. The documents called for are to be produced and the supplemental answers to interrogatories are to be served no later than 5:00 p.m. on September 6, 2002.
No costs will be assessed with regard to either motion. The plaintiff is advised, however, that if there is a failure to comply with this Order, the Court, on motion by any of the parties to the two motions, will exercise its powers under Mass.R.Civ.P. Rule 37 and dismiss the complaint insofar as the moving defendants, and those who have joined with them, are concerned.
By letter dated September 6, 2002, Attorney Thomas J. Lynch wrote to the Court, complaining that there was an error on the docket such that he, as counsel for the plaintiff, was not listed and therefore failed to receive notice of the August 21, 2002 Order. Instead, Mr. Lynch said that the notice was sent to Attorney Ronald J. Poirier, of Myerow & Poirier, co-counsel for the plaintiff. Mr. Lynch further said: “In order to be entirely accurate, my solo practice shares office space with Attorney Ronald Poirier and the law firm of Myerow & Poirier.” Upon receipt of Mr. Lynch’s letter, the Court caused the docket to be corrected by adding Mr. Lynch’s name as counsel for the plaintiff.
Since the receipt of Mr. Lynch’s September 6, 2002 letter, the docket has reflected the following two attorneys as counsel for the plaintiff:
Ronald J. Poirier
Myerow & Poirier
1000 Franklin Village Drive
Suite 205
Franklin, MA 02038
Phone: 508-528-9900
Fax: 508-528-8692
Thomas J. Lynch
1000 Franklin Village Drive
Suite 205
Franklin, MA 02038
Phone: 508-528-9900
Fax: 508-528-8692
The Court observes the total and complete identity of the addresses, the telephone numbers and the facsimile transmission numbers of Mr. Poirier and Mr. Lynch. The Court further observes the following comment in an affidavit by Mr. Poirier filed in support of the present motions:
Mr. Lynch and I had agreed with Ms. Wallace [chief executive officer of the plaintiff corporation] that Mr. Lynch would act as “lead counsel” in this matter during the written discovery and document production phase which (as this court is well-aware), has been on-going over the past months since we filed our appearances.
Shortly thereafter, discovery compliance by the plaintiff again came before the Court. On September 20, 2002, another memorandum and order was issued. Like the earlier Order, this Order reads:
All documents called for in response to either of the motions (Papers #101 and #103), involved in the August 21, 2002 order, not heretofore produced, are to be produced and the supplemental answers to interrogatories are to be served no later than 5:00 p.m. on September 30, 2002.
A failure to comply with this order will result in the sanctions threatened in the August 21, 2002 order.
On October 3, 2002, this Court issued yet a third discovery Order directed at the plaintiff. Mr. Lynch at this time was excusing his client’s failures on discovery based on his own very busy trial schedule. In response, this Court gave him the following advice in the October 3, 2002 Memorandum and Order: “While this Court respects the fact that, at times, the press of other matters may interfere with the lawyer’s ability to respond to matters of another client, a lawyer should not undertake the representation of a client, particularly in the midst of litigation, if he is not able to attend to essentially all of the client’s needs in that litigation.”
The Order part of the October 3, 2002 Memorandum and Order reads:
*458 The plaintiff may have until 5:00 p.m. on October 10, 2002, to fully and completely comply with this Court’s Order of August 21, 2002. As a result thereof, the defendants — but not the plaintiff — may have until November 15, 2002, to complete their discovery. The discovery cut-off date for the plaintiff shall remain October 31, 2002.
Insofar as the plaintiff suggests a misunderstanding of the meaning of the Court’s August 21, 2002 Order, it is advised that the time for objections to production of documents or responding to interrogatories has long passed. Thus, objections for relevance, burdensomeness, time period covered and the like will not be accepted. Only objections “necessary to assert a privilege or protection against disclosure, to enforce a limitation on evidence directed by the Court or stipulated in writing by the parties,” see Mass.R.Civ.P. Rule 30(c), second para., will be accepted.
Yet again, unbelievably, for the fourth time, this Court received, on October 18, 2002, another motion by the defendants seeking the sanction of dismissal for the plaintiffs continued violation of this Court’s several prior discovery orders. This motion contained a Certificate of Service that reads: “I hereby certify that on October 18, 2002, a true copy of this motion was served on all persons on the attached service list by facsimile (without exhibits) and by first-class mail.” Included as the first name on the service list is “Thomas J. Lynch, Myerow & Poirier, 1000 Franklin Village Drive, Suite 205, Franklin, MA 02038, Counsel for plaintiff.”
Given the Court’s history with this matter, and despite the motion’s designation as “emergency,” the Court deliberately held the motion and its supporting papers without action thereon for twelve days to give the plaintiff an opportunity to respond. Then, on October 30, 2002, no response having come in, the Court allowed the motion and dismissed the case as against the moving defendants. This is the action that the plaintiff, with its two motions, now seeks to undo.

DISCUSSION

The plaintiff argues that not all counsel of record for the plaintiff received notice of the defendants’ October 18, 2002 motion and, therefore, there was a valid justification for the plaintiffs lack of response. The proffered support for this contention is contained in the affidavits of Mr. Poirier and Mr. Lynch. Mr. Poirier says that he is counsel of record for the plaintiff, and nothing came to him from the defendants. Mr. Lynch, averring that he also is counsel for the plaintiff, says that he was out of his Franklin, Massachusetts office for essentially the entire month of October 2002, attending to a complex matter being heard before the Board of Bar Overseers in Boston, and therefore he had no notice of the motion, or the Court’s October 30, 2002 dismissal order, until he was contacted by Mr. Poirier on November 6, 2002.
Mr. Poirier and Mr. Lynch cite to Mass.R.Civ.P. Rule 5(a) and (b) as support for their joint argument that there was no proper service of the defendants’ motion on the plaintiff. Rule 5(a) and (b) read in their entirety as follows:
(a) Service: When Required. Except as otherwise provided in these Rules, or unless the court on motion with or without notice or of its own initiative otherwise orders, every order required by its terms to be served, eveiy pleading subsequent to the original complaint, every paper relating to discovery required to be served on a party, every written motion other than one which may be heard ex parte, and every written notice, notice of change of attorney, appearance, demand, brief or memorandum of law, offer of judgment, designation of record on appeal, and similar paper shall be served upon each of the parties. No service need be made on any party in default for failure to appear except that any pleading asserting new or additional claims for relief against him shall be served upon him in the manner provided for service of summons in Rule 4.
(b) Same: How Made. Whenever under these rules service is required or permitted to be made upon a party represented by an attorney the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court. Delivery of a copy within this rule means: handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof, or, if there is no one in charge, leaving it in a conspicuous place therein; or if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion residing therein. Service by mail is complete upon mailing.
(Emphasis added.)
Utilizing solely the affidavits of Mr. Poirier and Mr. Lynch, the Court reconstructs the “service” of the defendants’ motion on the plaintiff.
As already stated above, the Certificate of Service on the October 18, 2002 motion states that: “I hereby certify that on October 18, 2002, a true copy of this motion was served on all persons on the attached service list by facsimile (without exhibits) and by first-class mail.” Again as stated above, included as the first name on the service list is “Thomas J. Lynch, Myerow & Poirier, 1000 Franklin Village Drive, Suite 205, Franklin, MA 02038, Counsel for plaintiff.”
By that time, both Mr. Lynch and Mr. Poirier were included on the docket as counsel of record for the plaintiff, with Mr. Lynch being described by Mr. Poirier as “lead counsel” on discovery matters.
*459 Mr. Poirier says in his affidavit — and Mr. Lynch does not challenge or disagree with these statements — that “a facsimile dated Friday, October 18, 2002 at approximately 3:30 p.m. addressed to Mr. Lynch at the Franklin office at the facsimile number we share (508) 528-8692" was found by him on November 6, 2002, after receiving this Court’s Order of dismissal. The facsimile cover sheet, attached to Mr. Poirier’s affidavit, shows it to be addressed to ’’Thomas J. Lynch FAX NUMBER: 508-528-8692." Thus, as stated in the Certificate of Service, the facsimile of the motion, without exhibits, was served on Mr. Lynch on October 18, 2002.
Mr. Lynch, in his affidavit, states that on November 7, 2002, Mr. Poirier brought to Mr. Lynch in Boston, among other things, “the large envelope addressed to [Mr. Lynch] that [Mr. Poirier] located in [Mr. Lynch’s] office the previous day.” Mr. Lynch attached a copy of the front side of the envelope to his affidavit. It reveals the envelope to be addressed to “Thomas J. Lynch, Myerow & Poirier, 1000 Franklin Village Drive, Suite 205, Franklin, MA 02038.” Mr. Lynch then reveals in his-affidavit that “[t]his envelope contained a copy of all pleadings filed with the Court by hand on Friday, October 18, 2002.”
Given the foregoing sworn statements from the Poirier and Lynch affidavits, it is clear that Mr. Lynch was duly served at his office, at the only address that he provided to the court and other counsel, that address being the same address as that of Mr. Poirier and the firm of Myerow & Poirier in Franklin. Disingenuously, Mr. Lynch suggests in his affidavit that because the postage meter marking on the envelope containing the motion and its supporting papers does not reveal a date, it cannot be determined when it was mailed. This, coming from a lawyer who was fully aware of this Court’s concerns over discovery, who is described as lead counsel on discovery matters, who shares space with Myerow & Poirier, and who did not set foot in his own office for the entire month of October, is not an argument that warrants any consideration. Mr. Lynch was served, and that service was well prior to this Court’s October 30, 2002 dismissal order.
And what, the Court wonders, was the plaintiffs co-counsel, Mr. Poirier, doing during the month of October, while the other plaintiffs co-counsel, Mr. Lynch — the man sharing space, telephone and facsimile addresses with him — was out of the office on another client’s matter in Boston? Was Mr. Poirier — or more likely some administrative assistant — simply taking facsimile messages addressed to Mr. Lynch, and large envelopes addressed to Mr. Lynch at Myerow & Poirier, and piling them up on Mr. Lynch’s desk, unopened, unread, and not notifying Mr. Lynch that this was happening? Is this any way to run a law practice or represent a client? This Court thinks not.
Given this background, the Court returns to Mass.R.Civ.P. Rule 5(a) and (b), which provide the sole foundational support for the present motions by the plaintiff. Nowhere in those two sections of Rule 5 does this Court read that a parly or the Court in litigation must, as Mr. Lynch and Mr. Poirier argue, serve “all counsel of record.” The Rule speaks of serving “a party” or “parties,” not every lawyer who purports to represent a party. If any lawyer representing a party — and Mr. Lynch certainly was such a lawyer representing the plaintiff here — is served, then that party is deemed served. This shell-game type of argument by Mr. Poirier and Mr. Lynch, bouncing back and forth on the issue of who between them is counsel for the plaintiff whenever it suits their position, is an offense to the Court and all other counsel in this case.

ORDER

For the foregoing reasons, the plaintiffs two emergency motions[1] are DENIED.

Designated as “Emergency Motion of Plaintiff Corporate Tele Data to Strike Defendants’ ‘Emergency’ Motion to Dismiss for Failure to Comply with Mass.R.Civ.P. 5(a) and Superior Court Rule 9A and 9B” and “Emergency Motion of Plaintiff Corporate Tele Data Pursuant to Mass.R.Civ.P. Rule 5(b) and Superior Court Rule 9B for Relief from Order of Dismissal in Favor of Defendants Transational [sic] Communications International, EZE Castle Integration, Inc., Mark Kenney, Ben-net Alpert, Versacom Technologies, Inc., Edward Geary, Edward McQuillan and Karl E. Nalen."